NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000711
27-MAR-2018
10:03 AM

NO. CAAP-17-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CASE NO. AB 2012-220(H)(DCD No. 1-11-45103)**
WILLIAM A. KRUGER, Claimant/Appellant/Appellant,
v.
HONOLULU BUILDERS, LLC, Employer/Appellee/Appellee,
and
FIRST FIRE & CASUALTY INSURANCE COMPANY OF HAWAII, INC./
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier/Insurance Adjuster/Appellees/Appellees.


**CASE NO. AB 2016-179(H)(DCD No. 1-12-45103)**
WILLIAM A. KRUGER, Claimant/Appellant/Appellant,
v.
HONOLULU BUILDERS, LLC, Employer/Appellee/Appellee,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier/Appellee/Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD


ORDER
GRANTING DECEMBER 18, 2017 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Employer/Appellee/Appellee Honolulu Builders, LLC's (Honolulu Builders), and Insurance Carrier/Appellee/Appellee First Insurance Company of Hawaii, Ltd.'s (First Insurance), December 18, 2017 motion to dismiss appellate court case number CAAP-17-0000711 for lack of appellate jurisdiction, (2) Claimant/Appellant/Appellant William A.

Kruger's (Kruger) December 21, 2017 memorandum in opposition to the December 18, 2017 motion, and (3) the record, it appears that we lack appellate jurisdiction over Kruger's appeal from the Labor and Industrial Relations Appeals Board's[1] (LIRAB) September 28, 2017 decisions and orders in both LIRAB Case No. AB 2012-220 (H) and LIRAB Case No. AB 2016-179 (H), because neither decision and order qualifies as an appealable final order under Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2017).

While HRS § 386-88 authorizes an appeal from an LIRAB final order directly to this court, HRS § 91-14(a) governs the appealability requirements for any LIRAB order.

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr., 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). "[A]n order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). For example, "a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91-14(a), even though the matter of permanent disability has been left for later determination." Bocalbos, 89 Hawai'i at 443, 974 P.2d at 1033.

In contrast, when the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. Mitchell v. State Dep't. of Educ., 77 Hawai'i 305,

---

[1] At all relevant times, the Labor and Industrial Relations Appeals Board appears to have been composed of Chair Danny J. Vasconcellos, Member Melanie S. Matsui and Member Marie C. Laderta in both LIRAB Case No. AB 2012-220 (H) and LIRAB Case No. AB 2016-179 (H).

308, 884 P.2d 368, 371 (1994) (citation omitted). For example, in <u>Mitchell</u>, an appellant named Mitchell had asserted claims for workers' compensation benefits for two separate injuries that occurred on two separate dates: (1) November 1, 1989, and (2) February 5, 1990. When Mitchell's claims were before the LIRAB, the LIRAB "determined the first incident to be compensable but denied compensation for the second incident." <u>Id.</u> at 307, 884 P.2d at 370. Although the LIRAB conclusively determined Mitchell's rights as to the second incident, the LIRAB did not finally determine Mitchell's rights as to the first incident, and, instead, the LIRAB "remanded [the matter to the Director] for a determination as to what workers' compensation benefits, if any, Mitchell is entitled for the first incident period between November 1, 1989 through February 5, 1990." <u>Id.</u> (internal quotation marks and original brackets omitted). When Mitchell appealed from the LIRAB's decision to the Supreme Court of Hawai'i, the court held that the LIRAB's decision lacked the requisite decree of finality for an appeal because Mitchell's compensation benefits for the first incident remained undetermined:

> In the case before us, there was no final decision with respect to Mitchell's compensation benefits for the first incident, which occurred on November 1, 1989. As stated previously, the Board determined the first incident to be compensable and reversed the Director's decision, remanding the case for a "determination as to what worker's compensation benefits, if any, [Mitchell was] entitled for the period between November 1, 1989 through February 5, 1990." Such determination has not been made; therefore, the requisite degree of finality is lacking with respect to this case.

<u>Id.</u> at 307-08, 884 P.2d at 370-71 (citation omitted; original brackets). "This case will be ripe for judicial review only after the Director makes a determination as to the amount of compensation owed." <u>Id.</u> at 308, 884 P.2d at 371. "We therefore conclude that we lack appellate jurisdiction to consider the merits of this appeal. Accordingly, the appeal is dismissed." <u>Id.</u>; <u>see also</u> <u>Williams v. Kleenco</u>, 2 Haw. App. 219, 629 P.2d 125, (1981) (dismissing an appeal from a LIRAB decision and order

remanding the matter to the Director with instructions to determine the amount of the award, because such a decision and order is not final and appealable).

Kruger has designated two underlying LIRAB cases in this appeal, namely LIRAB Case No. AB 2012-220 (H) and LIRAB Case No. AB 2016-179 (H). The LIRAB entered a separate and distinct September 28, 2017 decision and order in both LIRAB Case No. AB 2012-220 (H) and LIRAB Case No. AB 2016-179 (H), but, in each of those two September 28, 2017 decisions and orders, the LIRAB vacated a decision by the Director and remanded the matter to the Director with instructions to determine the "nature" of Kruger's injury that is the subject of Kruger's claim in each respective LIRAB case. Without a final determination of the compensation for each injury, neither of the two September 28, 2017 decisions and orders has the requisite finality under HRS § 91-14(a) to qualify as an appealable final order under HRS § 386-88. Absent an appealable final decision and order, we lack appellate jurisdiction, and Kruger's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Honolulu Builders' and First Insurance's December 18, 2017 motion to dismiss this appeal is granted, and appellate court case number CAAP-17-0000711 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000711 are dismissed as moot.

DATED: Honolulu, Hawai'i, March 27, 2018.

Presiding Judge

Associate Judge

Associate Judge

-4-